UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LARRY L. EALY,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-156

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMMISSIONER'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (DOC. 7) BE GRANTED ON THE MERITS; (2) ALTERNATIVELY, THIS CASE BE DISMISSED FOR *PRO SE* PLAINTIFF'S FAILURE TO PROSECUTE; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is before the Court on the Commissioner's motion for summary judgment, contending that *pro se* Plaintiff failed to timely file this appeal. Doc. 6. The Commissioner's motion is supported by an affidavit and authenticated documents from the Administrative Record underlying *pro se* Plaintiff's application for Supplemental Security Income ("SSI") benefits.[2] *See* docs. 6-1, 6-2, 6-3, 6-4, 6-5, 6-6. Plaintiff has not filed a response to the Commissioner's motion, and the time for doing so has expired. Accordingly, the Commissioner's motion is unopposed. The Court ordered Plaintiff to show cause as to why the Commissioner's motion should not be granted for the reasons stated therein, and he failed to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Commissioner -- recognizing that the Court would be required to consider material outside of the pleadings in determining the motion -- seeks summary judgment under Rule 56 as an alternative to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See* doc. 6. Because the Commissioner relies upon matters outside of the pleadings, the Court considers the Commissioner motion under Fed. R. Civ. P. 56. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

respond as ordered. Doc. 8. The Court has carefully considered the Commissioner's unopposed motion, as well as the Rule 56 evidence presented in support, and the Commissioner's unopposed motion is now ripe for decision.

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007).

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id.* (citation omitted). Failure "to properly address another party's assertion of fact as required by Rule 56(c)" could result in the Court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## II.

The Commissioner contends that summary judgment is appropriate because *pro se* Plaintiff's complaint was not timely filed. Doc. 6. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

The regulations define "mailing" as the date the individual receives the Appeals Council's notice of denial of a request for review. *See* 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435-36 (6th Cir. 2007).

The sixty day time limit for seeking judicial review of an adverse determination by an ALJ -- as set forth in § 405(g) -- is not a jurisdictional bar but, rather, a statute of limitations subject to equitable tolling. *Cook*, 480 F.3d at 435. The statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts strictly construe the statute of limitations in Social Security appeals. *See, e.g.*, *Cook*, 480 F.3d 432 (affirming the dismissal of a complaint filed one day late); *see also Amadasu v. Comm'r of Soc. Sec.*, No. 06-cv-584, 2009 WL 1542772, at *2-3 (S.D. Ohio May 28, 2009) (dismissing a complaint filed three days late). This is true even when the plaintiff is proceeding *pro se*, *i.e.*, without counsel. *See McCane v. Comm'r of Soc. Sec.*, No. 2:12-cv-67, 2012 WL 4088649, at *2-3 (S.D. Ohio Sept. 17, 2012) (dismissing *pro se* plaintiff's complaint for failure to comply with § 405(g)'s filing deadline) *Report and Recommendation adopted* 2012 WL 4920798 (S.D. Ohio Oct. 16, 2012).

In this case, the uncontroverted evidence submitted by the Commissioner shows that *pro se* Plaintiff filed for SSI alleging a disability onset date of January 1, 2009. Doc. 6-2 at PageID

3

280. After initial denial of his application, Plaintiff received a hearing before Administrative Law Judge ("ALJ") Elizabeth A. Motta, who issued a written decision on November 21, 2014 -- finding Plaintiff not disabled at any time before that date. *Id.* at PageID 280-86. The Appeals Council denied Plaintiff's request for review on September 1, 2015. Doc. 6-3 at PageID 287-89. Plaintiff presumptively received the Appeal's Council's denial on September 6, 2016. *See* 20 C.F.R. §§ 404.901, 422.210(c). Accordingly, Plaintiff had until November 5, 2015 in which to timely file his appeal.

Subsequently, *pro se* Plaintiff timely requested an extension of time to initiate a civil case against the Commissioner, *see* doc. 6-4 at PageID 291, which the Appeals Council granted on January 7, 2016.[3] *See* doc. 6-5 at PageID 292. The Appeals Council granted *pro se* Plaintiff a thirty (30) day extension of time from receipt of the letter informing him of the extension to file a civil action in federal court. *See id.* *Pro se* Plaintiff presumptively received the Appeal's Council's letter informing him of the granted extension on January 12, 2016. Doc. 6-5 at PageID 292; 20 C.F.R. §§ 404.901, 422.210(c). *Pro se* Plaintiff thus had until February 11, 2016 in which to file this case.[4] On April 19, 2016 -- sixty-eight (68) days after this deadline -- *pro se* Plaintiff initiated this case seeking review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Doc. 1. Thus, *pro se* Plaintiff's complaint is untimely.

Where, as here, a complaint is filed after the statute of limitations has expired, a plaintiff can avoid dismissal "only if he [or she] establishes exceptional circumstances warranting

---

[3] The Court notes that the Appeals Council's letter notifying Plaintiff of the granted extension incorrectly states that it was sent on January 7, 2015 when, in fact, it was sent on January 7, 2016. *See* docs. 6-5, 6-6, 6-7. In the letter, the Appeals Council specifically references its September 1, 2015 denial of Plaintiff's request for review -- an action that was not contemplated in January 2015. *See* doc. 6-5. The date mistake aside, the letter sufficiently notifies *pro se* Plaintiff that the 30 day extension commences on the "date [he] receive[s] [the] letter." *Id.*

[4] Thus, from the original presumptive date of receipt of the Appeals Council's denial of review, *i.e.*, September 6, 2015, *pro se* Plaintiff had a total of 158 days to initiate an action in federal court.

equitable tolling, a point on which [the plaintiff] bears the burden." *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). The Sixth Circuit has set forth the following list of factors for courts to consider when deciding whether equitable tolling applies:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437.

*Pro se* Plaintiff has not responded to the Commissioner's motion and, thus, has failed to demonstrate that he is entitled to equitable tolling of the deadline for filing his complaint. First, Plaintiff had actual notice of the filing deadline by virtue of the January 7, 2016 letter sent by the Appeals Council. Doc. 6-5 at PageID 292; *see Morris v. Comm'r of Soc. Sec.*, No. 1:15-cv-66, 2015 WL 5167634, at *3 (S.D. Ohio Sept. 3, 2015) *Report and Recommendation adopted* 2015 WL 6126838 (S.D. Ohio Oct. 16, 2015). Second, Plaintiff's failure to respond to either the Commissioner's motion for summary judgment or the Court's Show Cause Order evidences a lack of diligence in pursuing his rights. *See Morris*, 2015 WL 5167634, at *3. Third, Plaintiff has offered no explanation for the lateness of his filing and thus the Court cannot determine whether or not his conduct was reasonable. Finally, although Plaintiff's delay in filing is unlikely to have prejudiced the Commissioner, "there are millions of applicants for Social Security benefits each year, and . . . the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437.

Accordingly, because Plaintiff's complaint was untimely and equitable tolling is inapplicable, it is **RECOMMENDED** that the Commissioner's unopposed motion for summary judgment be **GRANTED**.

5

### III.

In the alternative to all of the foregoing, the undersigned also finds that Plaintiff -- by failing to oppose the Commissioner's motion and by failing to respond to the Court's Order to Show Cause -- has failed to prosecute this action. Plaintiff's failure to respond to the Commissioner's motion and/or the Court's Order to Show Cause justifies dismissal of this case for his lack of prosecution. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991). Although Plaintiff is proceeding *pro se*, the Court is mindful that "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, the undersigned finds that dismissal is warranted on lack-of-prosecution grounds.

### V.

For the reasons set forth above, the Court **RECOMMENDS THAT**: (1) the Commissioner's motion for summary judgment (doc. 6) be **GRANTED** on the merits; (2) alternatively, this case be dismissed for *pro se* Plaintiff's failure to prosecute; (3) and this case be **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to Plaintiff at his address of record.

Date: October 12, 2016          *s/ Michael J. Newman*
                                Michael J. Newman
                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).